Grafton,
March 4, 1924.

ARTHUR H. HILL v. FRANK A. SMITH & a.

Under Laws 1921, c. 85, Part IV, s. 36, authority is conferred upon the state board of education to unite school districts only where the consolidation will result in a single school district co-extensive with the limits of the town. A consolidation by the board of two only of three special districts in a town does not create a corporation, nor give power to issue bonds.

PETITION, by a resident taxpayer of Lebanon against the Lebanon school district and its officers for an order enjoining the issue of bonds and construction of school buildings. Temporary injunction granted. Reserved and transferred without further ruling by *Branch*, J., on the admitted facts, which appear in the opinion.

*John H. Noonan*, for the plaintiff.

*Fred A. Jones*, for the defendant.

SNOW, J. Laws 1921, *c.* 204, approved February 3rd, provides that "the high school district of the town of Lebanon is authorized to incur indebtedness in an amount not exceeding one hundred and fifty thousand dollars for the purpose of construction and equipment of school buildings; said amount to be in addition to the amount already authorized."

The town of Lebanon for school purposes was divided into three districts, Lebanon High School district, Lebanon Town School district and West Lebanon School district. On May 5, 1922, upon petitions of the Lebanon High School district and of the Lebanon Town School district, which had been authorized by the voters of the respective districts, the state board of education ordered that the two districts should thereafter constitute a single school district. The consolidated district assumed the name Lebanon School district of the town of Lebanon. At a school meeting held April 19, 1923, it was voted to build a new school building at a cost not exceeding one hundred and seventy-five thousand dollars and to authorize the school committee pursuant to Laws 1921, *c.* 204, and Laws 1917, *c.* 129, to issue the bonds of the district to that amount. The petitioners say that the attempted consolidation of the two districts is unauthorized by statute, and that the authority granted the high school district of the town of Lebanon by Laws 1921, *c.* 204, does not inure to the benefit of the supposed consolidated district.

The defendants rely upon Laws 1921, *c.* 123, for authority for the consolidation. This is an act in amendment of P. S., *c.* 89, *s.* 14. P. S., *c.* 89, *s.* 1 provides that "each town shall constitute a single district for school purposes: *provided, however,* that districts organized under special acts of the legislature may retain their present organization." Sections 14 to 27 deal with the subject of the dissolution of districts organized under special acts of the legislature. Section 14 as amended by Laws 1921, *c.* 123, and codified and revised by Laws 1921, *c.* 85, Part IV, *s.* 36, reads, "Any special district organized under a special act of the legislature may, by a majority vote of the qualified voters present and voting at a legal meeting, dissolve its corporate existence and unite with the town district. When a town or city is divided into two or more districts, either district may petition the state board of education to unite the districts and, if the board after notice and hearing finds that justice requires action, it may make an order consolidating the districts, and when and after that order is filed and recorded in the office of the secretary of state said town shall constitute a single school district."

Authority is here conferred upon the state board of education to unite districts only where the consolidation will result in a single school district co-extensive with the limits of the town. The language of the statute admits of no other construction. This conclusion is confirmed by the language of *s.* 15, which provides for the passing of the possession of the school property to the "town district so formed." As the attempted consolidation was of but two of the three special school districts in the town of Lebanon, such consolidation is not authorized by this statute. No other statutory authority for the consolidation is suggested and none has been discovered by the court. The consolidated district has, therefore, no legal corporate existence. This conclusion makes it unnecessary to consider the other questions raised by the petition.

*Injunction made permanent.*

All concurred.